TIFCO, INC., A MARYLAND CORPORATION v. INSURANCE DESIGNERS UNDERWRITERS GROUP, INC., a/k/a INSURANCE DESIGNERS UNDERWRITERS GROUP, LTD., a/k/a INSURANCE UNDERWRITERS GROUP, LTD., INC.; CROWN MORTGAGE COMPANY, INC., a/k/a CROWN MORTGAGE COMPANY, a/k/a CROWN MORTGAGE CORRESPONDENTS, INC.; RODNEY BUDWEY; PHILIP M. WILSON, a/k/a P. M. WILSON; JOHN R. MACARI; SHIRLEY S. MACARI; CENTRE HILL, INC.; NORTH CAROLINA NATIONAL BANK, WINSTON-SALEM, NORTH CAROLINA; AND FIRST VIRGINIA BANK OF ANNANDALE, VIRGINIA

No. 7621SC291

(Filed 15 September 1976)

**Rules of Civil Procedure § 54— default judgment — relief granted different from relief sought — error**

Where plaintiff sought to have lifted a ban against negotiation of certificates of deposit issued by defendant bank, the default judgment entered by the trial court ordering defendant bank to make payment of the certificates of deposit to plaintiff granted relief different in kind from the relief sought and was therefore excessive. G.S. 1A-1, Rule 54(c).

APPEAL by defendant North Carolina National Bank from *Crissman, Judge.* Judgment entered 22 January 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 25 August 1976.

Tifco is in the business of financing insurance premiums. Primarily it finances insurance premiums which are originally financed by insurance agents for their insureds. The unearned premium and the right to cancel the policy constitute the collateral for a loan by Tifco.

Defendant Insurance Designers Underwriters Group, Inc. is also known as Insurance Designers Underwriters Group, Ltd. and as Insurance Underwriters Group, Ltd., Inc. It will hereafter be referred to as Underwriters.

Defendant Philip M. Wilson is the president or controlling officer of Underwriters.

Defendant Crown Mortgage Company, Inc. is also known as Crown Mortgage Company and as Crown Mortgage Correspondents, Inc. It will hereafter be referred to as Mortgage Co.

Defendant Rodney Budwey is president or controlling officer of Mortgage Co.

Defendants John R. Macari and Shirley S. Macari are husband and wife, and he is the president or controlling officer of Centre Hill, Inc.

Defendants North Carolina National Bank (hereafter referred to as NCNB) and First Virginia Bank of Annandale (hereafter referred to as Virginia Bank) are banking corporations with which some of the other defendants have done business.

Plaintiff alleged that Shirley S. Macari is the named owner of a negotiable certificate of deposit No. 63139 in the sum of $100,000.00 issued by NCNB and that Centre Hill, Inc. is the named owner of a negotiable certificate of deposit No. 63138 in the sum of $115,000.00 issued by NCNB.

Plaintiff alleged that Underwriters, Mortgage Co., Wilson, and Budwey conspired to defraud plaintiff by causing plaintiff to finance an insurance premium upon a nonexistent policy; that Underwriters, Mortgage Co., Wilson, and Budwey fraudulently represented to plaintiff that a policy of insurance had been issued to Macari, and fraudulently presented to plaintiff a premium financing statement; that in reliance upon these fraudulent representations, plaintiff issued its check No. 01639 to Underwriters and, as a result thereof, has been defrauded of the sum of $232,000.00. Plaintiff further alleges that Underwriters, Mortgage Co., Wilson, and Budwey have loaned some of plaintiff's monies to Macari and wife and have taken as security the NCNB certificates of deposit issued to Shirley S. Macari and Centre Hill, Inc.

Plaintiff sought judgment against Underwriters, Mortgage Co., Wilson, and Budwey for damages, and sought to enjoin all defendants from negotiating or permitting negotiation of the two certificates of deposit and from permitting withdrawal of funds from the accounts of Underwriters, Mortgage Co., Wilson, or Budwey in either of the defendant banks.

A temporary restraining order was issued on 28 March 1975, and after hearing on 7 April 1975 a preliminary injunction was issued containing the following:

"A. Each and every one of the defendants, Insurance Designers Underwriters Group, Crown Mortgage Company, Rodney Budwey and Philip M. Wilson, from issuing, signing, endorsing or otherwise causing instructions to be is-

Tifco, Inc. v. Underwriters Group, Inc.

sued for the withdrawal of funds on deposit in the North Carolina National Bank, Winston-Salem, North Carolina, and First Virginia Bank of Annandale, Virginia, by means of any checks, sight drafts, letters of credit, bills or notes or other negotiable instruments.

"B. Each and every one of the defendants, Insurance Designers Underwriters Group, Crown Mortgage Company, Rodney Budwey and Philip M. Wilson, from negotiating, cashing or otherwise disposing of the savings certificates of deposit numbers 63138 and 63139 issued by the North Carolina National Bank of Winston-Salem, North Carolina.

"C. The defendant banks, North Carolina National Bank, Winston-Salem, North Carolina, and First Virginia Bank of Annandale, Virginia, from permitting the withdrawal of any funds on deposit in each of the respective banks in the names of Insurance Designers Underwriters Group, Crown Mortgage Company, Rodney Budwey and Philip M. Wilson and the honoring of any checks, sight drafts, letters of credit, bills or notes or any other negotiable instruments issued, signed, endorsed or otherwise entered against said accounts while making payment of the savings certificates of deposit numbers 63138 and 63139.

"D. The defendants John R. Macari, Shirley S. Macari and Centre Hill, Inc. from negotiating, cashing or otherwise disposing of the aforesaid savings certificates of deposit numbers 63138 and 63139 or any funds secured by same."

On 13 May 1975 judgment by default was entered against Underwriters, Mortgage Co., and Budwey in the sum of $232,-000.00. All defendants were "permanently enjoined from negotiating, cashing or otherwise disposing of certificates of deposit numbers 63138 and 63139 issued by defendant North Carolina National Bank of Winston-Salem, North Carolina. . . " On 22 July 1975 judgment by default was entered against defendant Wilson.

On 23 December 1975 plaintiff filed a motion to modify the judgment heretofore entered, alleging that Underwriters, Mortgage Co., and Budwey had entered into a settlement agreement with plaintiff and:

"That as a part of that settlement agreement, the above-named defendants, in addition to three other parties who

were defendants in other lawsuits brought by plaintiff in other jurisdictions, would cause to be transferred to TIFCO, Inc. two negotiable certificates of deposit issued by the North Carolina National Bank of Winston-Salem, North Carolina, same being savings certificates of deposit Nos. 63138 in the sum of $115,000.00 and 63139 in the sum of $100,000.00, with such endorsements as are necessary either upon the certificates themselves or upon such other instruments as may be required by the aforesaid bank to effect the full and complete payment of the respective principal and interest thereon to TIFCO, Inc."

The motion prayed for a modification "to permit the assignment of the two certificates of deposit, Nos. 63138 and 63139, to Tifco, Inc. for presentation to NCNB for payment of the proceeds to Tifco, Inc., thereby finally adjudicating this lawsuit."

On 22 January 1976 Judge Crissman entered judgment providing:

"That the Judgments by Default Final entered herein on May 13, 1975, and July 22, 1975, be, and they are hereby affirmed in all respects except that the injunction heretofore entered is dissolved as to all defendants and the defendants Insurance Designers Underwriters Group, Inc., a/k/a Insurance Designers Underwriters Group Ltd., a/k/a Insurance Underwriters Group Ltd., Inc., Crown Mortgage Company, Inc., a/k/a Crown Mortgage Company, a/k/a Crown Mortgage Correspondents, Inc., and Rodney Budwey are no longer enjoined from causing the aforesaid certificates to be transferred to Tifco, Inc., *and the defendant North Carolina National Bank of Winston-Salem, North Carolina, be, and it is hereby ordered to make payment of the certificates of deposit numbers 63138 and 63139 to Tifco, Inc.,* or its agent." (Emphasis added.)

Defendant NCNB appealed.

*Craige, Brawley, Liipfert & Ross, by C. Thomas Ross, for plaintiff.*

*Surratt & Early, by John R. Surratt, for defendant NCNB.*

BROCK, Chief Judge.

North Carolina National Bank has only one interest in this lawsuit. That is to see that it pays the certificates of deposit

without leaving outstanding claims against them which could be enforced against the bank.

The pleadings do not seek an adjudication of ownership of the certificates of deposit nor of the obligation of NCNB to pay them to a particular party. Indeed the allegations in the motion to modify the previous judgments recognize the necessity of presenting endorsements as required by NCNB. This is not to say that NCNB has an unbridled right to require unnecessary endorsements or assignments, but in this case there is no evidence of what kind, or by whom, endorsements or assignments, if any, have been made. The judgment appealed from seems to assume that all necessary endorsements or assignments will be made and directs NCNB to pay plaintiff.

As pointed out, the pleadings do not seek an adjudication of ownership or right to proceeds of the certificates of deposit, and no evidence was offered upon the subject. The pleadings do not seek an adjudication of the obligation of NCNB to pay the proceeds of the certificates of deposit to any particular party, and no evidence was offered upon the subject. The motion for modification merely sought to lift the ban against negotiation of the certificates of deposit.

It seems clear that the relief granted by the judgment appealed from was different in kind from the relief sought. "A judgment by default shall not be different in kind from . . . that prayed for in the demand for judgment." G.S. 1A-1, Rule 54(c).

The judgment is clearly excessive in that it orders NCNB to pay, thereby denying to NCNB any rights the bank has as a payor under Chapter 25 of the General Statutes of North Carolina. It denies to NCNB the right to require presentment under G.S. 25-3-505. It denies to NCNB the rights to require proper endorsements or assignments under G.S. 25-3-507 or to refuse payment until Tifco establishes itself as holder in due course or holder for value as allowed under G.S. 25-3-603. It denies to NCNB any right to setoff against Tifco that the bank might have. Further, until Tifco establishes that it is a holder in due course of the certificates of deposit, it takes them subject to all valid claims to them on the part of any person, G.S. 25-3-306, and there has been no determination as to the existence or nonexistence of other claims.

The trial judge had plenary authority to dissolve the injunction which prevented the negotiation, transfer, or payment of the certificates of deposit, thereby allowing the transfer to Tifco and payment by NCNB upon appropriate presentment. However, he was in error in summarily directing NCNB "to make payment of the certificates of deposit numbers 63138 and 63139 to Tifco, Inc., or its agent."

Insofar as the judgment appealed from orders NCNB to make payment of the certificates of deposit to Tifco, the same is reversed and the cause is remanded.

Reversed and remanded.

Judges PARKER and ARNOLD concur.